# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 0:16-cv-61191-DPG

HOWARD COHAN,

    Plaintiff,

vs.

SAGE HOSPITALITY, LLC.,
a Florida Limited Liability Company,
d/b/a HOLYDAY INN EXPRESS,

    Defendant(s).
_____/

## SETTLEMENT AGREEMENT AND RELEASE

IT IS HEREBY stipulated and agreed by and between Plaintiff, HOWARD COHAN (hereinafter referred to as "Plaintiff"), and Defendant, SAGE HOSPITALITY, LLC., a Florida Limited Liability Company, d/b/a HOLYDAY INN EXPRESS, located at 1500 SE 17th Street, Ft. Lauderdale, Florida 33316, (hereinafter referred to as "Defendant"), collectively referred to herein as "Parties", as follows:

    WHEREAS, Plaintiff filed the above styled action against Defendant for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, et seq. ("ADA"), pursuant to which Plaintiff seeks injunctive relief and attorneys' and expert's fees, expenses, and costs;

    WHEREAS, the Parties have agreed to a settlement of the above-styled action as more particularly set forth in this Agreement; and the Parties desire to avoid further expense, time, effort and uncertainty in regard to the above-styled action;

    NOW, THEREFORE, in consideration of the mutual covenants and undertakings contained herein, and other good and valuable consideration, the Parties agree to the following terms and conditions as full and complete settlement of the above-styled action:

1. <u>Modification(s).</u>  Plaintiff brought suit against Defendant seeking an injunctive relief requiring Defendant to make modifications on the Property to correct the following alleged violations:

Men's Restroom

a. Providing a gate or door with a continuous opening pressure of greater than 5lbs exceeding the limits for a disabled person pursuant to 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9, 309.4.

b. Failure to provide the proper insulation or protection for the plumbing under a sink or countertop pursuant to 2010 ADAAG §§ 606, 606.5.

c. Failure to provide a coat hook within the proper reach ranges for a disabled person pursuant to 2010 ADAAG §§ 603, 603.4 and 308.

d. Failure to provide paper towel dispenser at the correct height above the finish floor pursuant to 2010 ADAAG §§ 606, 606.1 and 308.

e. Failure to provide soap dispenser at the correct height above the finish floor pursuant to 2010 ADAAG §§ 606, 606.1 and 308.

f. Failure to provide the water closet in the proper position relative to the side wall or partition pursuant to 2010 ADAAG §§ 604, 604.2.

Passenger Drop Off

g. Failure to provide a passenger loading zone with an access aisle marked with striping pursuant to 2010 ADAAG §§ 209, 209.1, 209.4,503, 503.1, 503.3, 503.3.3.

Parking

h. Failure to provide sign(s) for disabled parking or van disabled parking pursuant to 2010 ADAAG §§ 502, 502.6.

The parties agree that Defendant will make or has already made modifications to correct the above

referenced violations (a-h). Any modifications not already completed will be completed within the modification window further described in Paragraph 3.

2.     Release.  In exchange for the good and valuable consideration set forth herein, the sufficiency of which is hereby acknowledged, the parties hereto mutually release each other, or through their corporate capacity, agents, employees, family members, partners, successors, assigns, and heirs, along with anyone claiming by or through them, jointly and severally (collectively the "Releasing Parties"), hereby release, acquit, satisfy and discharge the other, to the extent and exclusively as to the subject facility only and along with any and all of their predecessors, agents, employees, assigns, heirs, officers, directors, shareholders, members, affiliated entities, and any entity or person related to them, jointly and severally (hereinafter the "Released Parties"), from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action or suits of any kind which the Releasing Parties may have, may have had, or may hereafter raise against the Released Parties with respect to the Property and this subject litigation arising under Title III of the ADA including all claims by the Releasing Parties for attorneys' fees and costs, expert fees, litigation expenses, or any other amount, fee, and/or cost, with the exception of the attorneys' fees and costs required to be paid by Defendant pursuant to paragraph 4 of this Agreement.

3.     Right to Bring Suit to Enforce this Agreement: Plaintiff reserves the right to bring suit against Defendant if Defendant fails to make the above referenced modification(s) listed in paragraph 1 within eight (8) months of the signing of this Agreement.

4.     Attorneys' Fees, Costs, Expenses, and all other Amount due by Defendants. Defendant has agreed to pay and Plaintiff has agreed to accept the total sum of THREE THOUSAND DOLLARS ($3,000.00) ("Settlement Amount"), which shall be paid within five (5) days of the

execution of this Settlement Agreement by Plaintiff and upon Defendant's counsel receiving a copy of this Agreement. This amount is inclusive of all Plaintiff's attorney fees, court costs, and related expenses, as well as specific reimbursement of expert fees. The Settlement Amount shall be made payable to Kaplan and Sconzo, P.A. ADA Operating Account and be submitted to Kaplan and Sconzo, P.A., 3399 PGA Boulevard, Suite 150, Palm Beach Gardens, Florida, 33410, after Defendant receives a copy of this Agreement executed by Plaintiff. Plaintiff's counsel further acknowledges that Plaintiff, Plaintiff's counsel, and their respective consultants, experts, and any similar person or entity are not entitled to any other amounts whatsoever from the released parties in connection with the above-styled lawsuit and/or settlement of same up to this date in time.

5. <u>Confidentiality.</u> The Parties agree that neither the existence nor the terms of this Agreement shall be communicated to any individual or entity engaged in the business of print or electronic media and/or journalism. The Parties agree that this Agreement shall not be filed with any court, except as necessary for purposes of an action brought to enforce the terms of this Agreement, as set forth herein. The Parties agree to maintain the confidentiality of the terms of this Settlement Agreement.

6. <u>Invalidation.</u> If any provision of this Agreement is invalidated by a Court of competent jurisdiction, then all of the remaining provisions of this Agreement shall remain in full force and effect, provided that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

7. <u>Drafting.</u> The Parties acknowledge that Plaintiff and Defendant were able to draft, review, and revise this Agreement and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed against any of the Parties in the interpretation of this Agreement.

8. <u>Merger.</u> This Agreement constitutes the entire agreement between the Parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein. Any agreement to amend or modify the terms and conditions of this Agreement must be in writing and executed by the Parties hereto.

9. <u>Non-Admission of Liability.</u> Neither this Agreement, nor anything contained herein, shall constitute or is to be construed as an admission by Defendant, the Released Parties, or by any officials, contractors or agents of Defendant or the Released Party of a violation of any federal, state or local statute, any state or municipal fire safety or building code, or as evidence of any other liability, wrongdoing, or unlawful conduct. The Parties acknowledge that this Agreement has been entered into by the Parties to avoid the costs and expenses of continued litigation and to settle disputed claims.

10. <u>Dismissal.</u> Within ten (10) business days of the date this agreement is fully executed and upon receipt and clearance of the settlement funds, Plaintiff shall file a Stipulation for Dismissal with Prejudice dismissing Defendant from this suit. The Parties further agree that this Agreement shall not be filed with the Court, except as necessary for enforcement purposes, or unless otherwise required by the Court.

11. <u>Governing Law.</u> This Agreement shall be governed by and construed in accordance with the laws of the State of Florida and, where applicable, the ADA without regard to principles of conflicts of law and any suit arising as a result of a breach of this Agreement shall be filed in the United States District Court for the Southern District of Florida.

12. <u>Counterparts.</u> The Parties agree that this Agreement and any and all other documents in connection with settlement of this matter may be executed in exact counterparts,

each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument. Any signature page delivered by facsimile transmission or e-mail shall be treated in all manner and respects as an original document.

13. <u>Covenant Not to Sue</u>. Plaintiff hereby covenants and agrees that he will not file or permit to be filed on his behalf, any action, suit or administrative proceeding, or take any other action which seeks to pursue or enforce any claim, demand, cause of action, suit or liability which he has released herein.

IN WITNESS WHEREOF, The Parties hereto execute this Agreement.

By: _____   Date: 8/26/2016
HOWARD COHAN,
PLAINTIFF


By: _sunil patel_____   Date: 08/26/16
SAGE HOSPITALITY, LLC.,
a Florida Limited Liability Company,
d/b/a HOLYDAY INN EXPRESS,
DEFENDANT

6